TYREE P. JONES (SBN 127631)
tjones@polsinelli.com
DEBORAH Y. JONES (SBN 178127)
dyjones@polsinelli.com
ALYSSA J. GARCIA (SBN 351237)
ajgarcia@polsinelli.com
POLSINELLI LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Tel.: (310) 556-1801
Fax: (310) 556-1802

*Attorneys for Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MASRY, an individual; ELLIOT MASS, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S COMPANIES, INC. a North Carolina corporation; LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446**<br><br>Complaint Filed: November 21, 2023<br>(Alameda County Superior Court Case No. 23CV057098) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC ("Defendants") hereby remove the above-captioned action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, San Francisco Division, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity under 28 U.S.C. § 1332(d)(2). This Court has original jurisdiction over this action as an alleged class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" and in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

## PROCEDURAL BACKGROUND

1. On November 21, 2023, Plaintiffs Omar Masry and Elliot Mass ("Plaintiffs") filed this civil action in the Superior Court of the State of California, County of Alameda, captioned *Masry, et al. v. Lowe's Companies, Inc., et al.*, Case No. 23CV057098 (the "State Court Action"). A true and correct copy of the Complaint is attached as **Exhibit 1**.

2. On February 7, 2024, Defendants filed their First Removal Petition to remove the State Court Action to the Northern District of California, San Francisco Division, Case No. 3:24-cv-00750-CRB, on the basis of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). A true and correct copy of the First Removal Petition is attached as **Exhibit 2.**

3. On March 13, 2024, Defendants filed a Motion to Dismiss on several grounds, including failure to state a claim. A true and correct copy of the Motion to Dismiss is attached as **Exhibit 3.** On June 28, 2024, the Court granted Defendants' First Motion to Dismiss for Failure to State a Claim and allowed Plaintiffs leave to

amend. A true and correct copy of the Order Granting Defendants' Motion to Dismiss for Failure to State a Claim is attached as **Exhibit 4.**

4. On July 19, 2024, Plaintiffs filed an Amended Complaint, a true and correct copy of which is attached as **Exhibit 5.** On August 2, 2024, Defendants filed a Motion to Dismiss the Plaintiffs' Amended Complaint, a true and correct copy of which is attached as **Exhibit 6.**

5. On August 6, 2024, Plaintiffs filed a Motion to Remand on the grounds that Defendants had failed to meet their burden of demonstrating that Plaintiffs had suffered an injury-in-fact necessary to establish Article III standing. *See* Mot. to Remand to State Ct. Pursuant to 28 U.S.C. § 1447; Mem. of P. & A. at 6, *Masry et al. v. Lowe's Companies, Inc. et al.*, No. 3:24-cv-00750 (N.D. Cal. Aug. 6, 2024) (No. 33). A true and correct copy of the Motion to Remand is attached as **Exhibit 7.**

6. On November 7, 2024, the Court granted Plaintiffs' Motion to Remand, finding that "Plaintiffs lack[ed] Article III standing because they fail[ed] to establish an injury in fact." Ord. Granting Pls.' Mot. to Remand and Den. as Moot Defs.' Mot. to Dismiss 2, *Masry et al. v. Lowe's Companies, Inc. et al.*, No. 3:24-cv-00750 (N.D. Cal. Nov. 11, 2024) (No. 44). The Court specifically noted that the Amended Complaint contained "no factual allegations that Plaintiffs are engaging in self-censorship out of fear of violating the Terms." *Id.* at 4. A true and correct copy of the Order Granting Plaintiff's Motion to Remand and Denying as Moot Defendants' Motion to Dismiss is attached as **Exhibit 8.** A true and correct copy of the federal court docket as of March 31, 2025, is attached as **Exhibit 9.**

7. In the State Court Action, on February 28, 2025, Plaintiffs filed a First Amended Complaint (the "FAC") that contained new allegations that the defendants' alleged conduct "foreseeably caus[ed] unlawful self-censorship of Plaintiffs and other Lowe's customers." (FAC ¶ 11.) Plaintiffs assert a claim for alleged violations of California Civil Code Section 1670.8 and seek to bring a "class action on their own

behalf and on the behalf of all other similarly situated consumers in California." (FAC ¶ 34.)

8. Defendants were served with a copy of the FAC on February 28, 2025. True and correct copies of Plaintiffs' FAC and proof of service are attached as **Exhibit 10**. A true and correct copy of the docket from the State Court Action as of March 31, 2025, is attached as **Exhibit 11**.

## COMPLIANCE WITH 28 U.S.C. § 1446

9. Exhibits 1–11 comprise "cop[ies] of all process, pleadings, and orders served upon such defendant or defendants in such action," in accordance with 28 U.S.C. § 1446(a).

10. Defendants will file a copy of this Notice of Removal ("Notice") with the clerk of the Superior Court of the State of California, County of Alameda, pursuant to 28 U.S.C. § 1446(d).

## SUCCESSIVE REMOVAL

11. This petition is a proper successive notice of removal. The FAC's new allegations of self-censorship constitute a change in factual circumstance that permits a successive notice of removal because they are sufficient to establish an injury-in-fact to support Article III standing. The Court previously issued its Order Granting Plaintiffs' Motion for Remand and Denying as Moot Defendants' Motion to Dismiss, attached as Exhibit 8, because Plaintiffs' Amended Complaint did not sufficiently establish Article III standing. *See* Ord. Granting Pls.' Mot. to Remand and Den. as Moot Defs.' Mot. to Dismiss 2, *Masry et al. v. Lowe's Companies, Inc. et al.*, No. 3:24-cv-00750 (N.D. Cal. Nov. 11, 2024) (No. 44) ("Plaintiffs lack[ed] Article III standing because they fail[ed] to establish an injury in fact.").

12. Successive notices of removal are permitted where there has been "a relevant change of circumstances—that is, when subsequent pleadings or events reveal a new and different ground for removal." *Reyes v. Dollar Tree Stores, Inc.*,

781 F.3d 1185, 1188 (9th Cir. 2015) (emphasis and internal quotation marks omitted). "Where a court has previously remanded a removed action for a defendant's failure to meet its burden, successive notices of removal ... generally must be based on information not available at the prior removal." *Sweet v. United Parcel Serv., Inc.*, No. 2:09-cv-02653, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009). Subsequent removal petitions "must be on grounds, either factual or legal, that are different from those asserted in the first removal." *Robin Invs., Inc. v. Shkolnik*, No. 2:13-cv-04136, 2013 WL 12114446, at *2-3 (C.D. Cal. July 13, 2013).

13. Plaintiffs amended their pleadings to include allegations that Defendants' actions have "foreseeably caus[ed] unlawful self-censorship of Plaintiffs and other Lowe's customers." (FAC ¶ 11.) They allege that they "believe that their ability to make statements about Lowe's has been limited as a result of Lowe's' threats to enforce the unlawful provisions contained in its Terms" and that "certain customers muzzled themselves through self-censorship, … the exact dynamic that Section 1670.8 is intended to remedy." *Id.* According to Plaintiffs, Defendants' alleged censorship extends beyond the Lowe's website by "restrict[ing] what Plaintiffs and other consumers are allowed to say on a variety of other social media platforms." *Id.* at ¶ 28.

14. These new factual allegations of self-censorship are constitutionally sufficient to establish an injury-in-fact for Article III standing. *See, e.g.*, *Tingley v. Ferguson* (9th Cir. 2022) 47 F.4th 1055, 1067 ("We have held that 'a chilling of the exercise of First Amendment rights is, itself, a constitutionally sufficient injury.'"); *Libertarian Party of Los Angeles Cnty. v. Bowen*, 709 F.3d 867, 870 (9th Cir. 2013) (same).

15. These new allegations of self-censorship were unavailable at the time of the first removal. The District Court previously determined that there was no Article III standing, in part, because the Amended Complaint contained "no factual

allegations that Plaintiffs are engaging in self-censorship out of fear of violating the Terms." Ord. Granting Pls.' Mot. to Remand and Den. as Moot Defs.' Mot. to Dismiss 4, *Masry et al. v. Lowe's Companies, Inc. et al.*, No. 3:24-cv-00750 (N.D. Cal. Nov. 11, 2024) (No. 44). Now that Plaintiffs have included new allegations of their injury, Article III standing exists and removal is proper.

16. This petition thus constitutes a proper successive notice of removal.

## TIMELINESS OF REMOVAL

17. This Notice is timely under 28 U.S.C. § 1446(b)(3). Defendants were served with Plaintiffs' FAC on February 28, 2025, and the 30th day after February 28, 2025 falls on March 31, 2025.

## VENUE AND JURISDICTION

18. The State Court Action is being removed from the Superior Court of the State of California, County of Alameda. As such, venue lies in the Northern District of California, San Francisco Division pursuant to 28 U.S.C. §§ 1441 and 1446(a).

19. Defendants seek removal of this action under CAFA, 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over alleged class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" and in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). As set forth below, this action satisfies each element of Section 1332(d)(2) for jurisdiction under CAFA.

20. Additionally, jurisdiction in this Court is also proper because Plaintiffs have adequately alleged Article III standing with the new injury allegations added in the FAC.

## GROUNDS FOR REMOVAL

21. A defendant may remove an action from state court if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

22. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA vests federal district courts with original jurisdiction over any class action in which (i) "the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," (ii) "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and (iii) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d). Each of these requirements are met in the instant Notice.

23. The notice of removal need not prove subject matter jurisdiction; rather it must contain "plausible allegations of the jurisdictional elements." *Academy of Country Music v. Cont'l Casualty Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (holding that "a removing defendant's notice of removal 'need not contain evidentiary submissions,' but only plausible allegations of the jurisdictional elements."); As such, simply because it is the removing party's burden to demonstrate that the district court has jurisdiction, it "does not mean that the notice of removal must in and of itself meet this burden." *Academy*, 991 F.3d at 1068.

**The State Court Action is a Putative Class Action under CAFA**

24. Original jurisdiction under CAFA applies to any civil action that "is a class action." 28 U.S.C. § 1332(d)(2). A "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

25. Plaintiffs bring their action as a class action "[p]ursuant to California Code of Civil Procedure section 382 … ." (FAC ¶ 34.) Section 382 is the California state analog to Federal Rule of Civil Procedure 23. *See Huckleby v. Manpower, Inc.*, 2010 WL 11552970, at *3 n.1 (C.D. Cal. Sept. 7, 2010). This action is therefore a putative class action removable under CAFA under 28 U.S.C. § 1332(d)(2).

**The Alleged Class Is Sufficiently Numerous**

26. Under 28 U.S.C. § 1332(d)(5)(B), the number of members of all proposed plaintiff classes must equal or exceed 100 in the aggregate for the action to be removable.

27. Plaintiffs here define the class as covering, "[d]uring the fullest period allowed by law, all persons residing in California who completed at least one sales transaction with Defendants via the Sites[,]" and allege that the "members of the Class number in the tens or hundreds of thousands" with "millions more similarly situated persons in the State of California." (FAC ¶¶ 33, 34(a), 38.) The proposed class is thus sufficiently numerous under 28 U.S.C. § 1332(d)(5)(B).

**The Requisite Diversity Exists**

28. A putative class action is removable if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

29. Plaintiff Masry alleges that "[a]t all relevant times, [he] was and has been a citizen of the State of California … ." (FAC ¶ 16.) Plaintiff Mass alleges that, "[a]t all relevant times, [he] was and has been a citizen of the State of California." (*Id.* at ¶ 17.) Plaintiff Johnson alleges that, "[a]t all relevant times, [she] was and has been a citizen of the State of California." (*Id.* at ¶ 18.) Plaintiff Hoffmeyer alleges that, "[a]t all relevant times, [she] was and has been a citizen of the State of California." (*Id.* at ¶ 19.) Plaintiff Harrison alleges that, "[a]t all relevant times, [he] was and has been a citizen of the State of California." (*Id.* at ¶ 20.) Plaintiff Albrigo alleges that, "[a]t all relevant times, [she] was and has been a citizen of the State of California." (*Id.* at ¶ 21.)

30. Plaintiffs bring this putative "class action on their own behalf and on behalf of all other similarly situated consumers in California." (*Id.* at ¶ 34.)

31. Defendant Lowe's Companies, Inc. is incorporated in the State of North Carolina and has its principal place of business in the State of North Carolina. (*See*

**Exhibit 12**.) Accordingly, for CAFA diversity purposes, Lowe's Companies is a citizen of North Carolina. *See* 28 U.S.C. § 1332(c)(1).

32. Similarly, Defendant Lowe's Home Centers, LLC is a limited liability company organized and existing under the laws of the State of North Carolina. Lowe's Home Centers, LLC's principal place of business is also in North Carolina. (*See* **Exhibit 13**.) Accordingly, for CAFA diversity purposes, Lowe's Home Centers, LLC is a citizen of North Carolina. *See* 28 U.S.C. § 1332(d)(10).

33. Since the citizenship of at least one class member in the proposed class of California consumers is different from Lowe's Companies, Inc. and Lowe's Home Centers, LLC, diversity exists under CAFA.

**The Amount in Controversy Exceeds $5,000,000**

34. For purposes of removal only, and without waiving any of its defenses, Defendants state that this action meets CAFA's amount-in-controversy requirement. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(6).

35. When a complaint does not specify an amount in controversy, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). When courts "assess the amount in controversy . . . [they] must include all relief to which a plaintiff is entitled if the action succeeds." *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Thus, in determining whether the amount in controversy has been met, the Court must presume the plaintiff will prevail on all its claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met[,] . . .

defendants may simply allege or assert that the jurisdictional threshold has been met." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).

36. Plaintiffs "seek civil penalties, injunctive relief, including public injunctive relief, and other relief necessitated by Defendants' unlawful actions," in addition to pre- and post- judgment interest, and attorneys' fees and costs. (*See* FAC ¶ 3, Prayer for Relief.)  Violators of California Civil Code Section 1670.8 are subject to a $2,500 fine for the first violation, and a $5,000 fine for any subsequent violation(s). *See* Cal. Civ. Code § 1670.8(c). Additionally, "where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandanavia,* 142 F.3d 1150, 1156 (9th Cir. 1998).

37. While Defendants vigorously deny any liability to Plaintiffs and/or the putative class, the allegations in the Complaint satisfy the amount in controversy requirement because Plaintiffs allege that Defendants are subject to thousands of dollars in liability for each of the "tens or hundreds of thousands" or possibly "millions" of class members whose rights under Section 1670.8 are alleged to have been violated at least once.

38. In all, Plaintiff's claimed relief is above the statutory threshold and original jurisdiction under CAFA has been established.

## ARTICLE III STANDING

39. Federal jurisdiction is proper because Plaintiffs have adequately alleged Article III standing in the FAC.

40. "To establish standing, a plaintiff must show: (1) she suffered an 'injury in fact,' which is an 'actual or imminent' invasion of a legally protected interest that is 'concrete and particularized'; (2) the injury must be 'fairly traceable' to the challenged conduct of the defendant; and (3) it must be likely that the plaintiff's injury

will be redressed by a favorable judicial decision." *Italian Colors Restaurant v. Becerra*, 878 F.3d 1165, 1171 (9th Cir. 2018).

41. Under a "relaxed standing analysis" applicable to speech rights protected by the First Amendment in the pre-enforcement context, "plaintiffs must … show an actual or imminent injury to a legally protected interest." *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010). Courts consider three factors when determining whether a Plaintiff faces a "credible threat of enforcement": "1) the likelihood that the law will be enforced against the plaintiff; 2) whether the plaintiff has shown, 'with some degree of concrete detail,' that she intends to violate the challenged law; and 3) whether the law even applies to the plaintiff." *Italian Colors Restaurant*, 878 F.3d at 1172.

42. Courts have found that "a chilling of the exercise of First Amendment rights is, itself, a constitutionally sufficient injury." *Libertarian Party of Los Angeles Cnty.*, 709 F.3d at 870. There is actual harm where the danger alleged is "one of self-censorship; a harm that can be realized even without an actual prosecution." *Arizona Right to Life Political Action Committee v. Bayless* 320 F.3d 1002, 1006 (9th Cir. 2003).

43. Here, Plaintiffs have amended their complaint to include new allegations of actual harm in self-censorship. They allege Defendants' actions have "foreseeably caus[ed] unlawful self-censorship of Plaintiffs and other Lowe's customers." (FAC ¶ 11.) They further allege that they "believe that their ability to make statements about Lowe's has been limited as a result of Lowe's' threats to enforce the unlawful provisions contained in its Terms" and that "certain customers muzzled themselves through self-censorship, … the exact dynamic that Section 1670.8 is intended to remedy." *Id.* According to Plaintiffs, Defendants' alleged censorship extends beyond the Lowe's website by "restrict[ing] what Plaintiffs and other consumers are allowed to say on a variety of other social media platforms."

*Id.* at ¶ 28. Through their new allegations of self-censorship, Plaintiffs demonstrate an actual harm and their intent to violate the Terms and Conditions of Use, substantiating a credible threat of enforcement.

44.  Plaintiffs further allege a credible threat of enforcement by repeatedly asserting Defendants' alleged actual threats of enforcement and the resultant chilling effect. *See Id.* at ¶¶ 7, 11, 12, 28, 29, 56. In other Section 1670.8 litigation, at least one district court in the Central District of California has found that similar threats of enforcement coupled with allegations of chilling and self-censorship is sufficient to establish a credible threat of enforcement and an injury in fact for Article III standing. *See Ramos v. Amazon.com, Inc.*, No. 2:24-CV-00089, 2024 WL 4882638, at *3 (C.D. Cal., Nov. 25, 2024).

45.  Plaintiffs have thus demonstrated a credible threat of enforcement sufficient to establish the injury in fact requirement for Article III standing. Additionally, the injury itself is fairly traceable to Defendants' conduct because it is alleged to have been caused by the non-disparagement term and Defendants' threats of enforcement. (*See* FAC ¶ 11 (Defendants' actions have "foreseeably caus[ed] unlawful self-censorship of Plaintiffs and other Lowe's customers.")). A favorable judicial decision for Plaintiffs would result in civil and injunctive relief designed to redress the alleged existing First Amendment harm and prevent any future harm.

46.  As such, Article III standing has been established by Plaintiffs' new allegations in the FAC.

## **CONCLUSION**

47.  In sum, the controversy here is a putative class action under CAFA, the class is comprised of more than 100 members, at least one member of the proposed class is a citizen of a different state from Defendants, and the amount in controversy exceeds $5 million. Thus, the Federal Court has subject matter jurisdiction over Plaintiff's class action claims and removal is appropriate under 28 U.S.C. § 1332(d).

48. For the reasons above, Defendants respectfully request that the State Court Action now pending in Superior Court of the State of California in and for the County of Alameda be removed to this Court. In the event any question arises as to the propriety of the removal of the State Court Action, Defendants request that the Court issue an Order to Show Cause so that they may have an opportunity to present briefing and oral argument in further support of their position.

49. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk for the Superior Court of the State of California in and for the County of Alameda.

WHEREFORE, for all of the foregoing reasons, Defendants hereby remove the State Court Action now pending in the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

DATED: March 31, 2025          Respectfully Submitted,

**POLSINELLI LLP**

*/s/ Tyree P. Jones*
Tyree P. Jones
Deborah Y. Jones
Alyssa J. Garcia
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
tjones@polsinelli.com
dyjones@polsinelli.com
ajgarcia@polsinelli.com

*Attorneys for Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC*