IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MASRY, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>LOWE'S COMPANIES, INC., et al.,<br><br>  Defendants. | Case No. 25-cv-02959-CRB<br><br>**ORDER GRANTING MOTION TO REMAND** |

This is a class action lawsuit regarding an alleged non-disparagement clause in the terms of use of Lowe's website, Lowes.com. Before the Court are two motions: a motion to remand and a motion to dismiss. Plaintiffs Omar Masry and Elliot Mass, on behalf of themselves and others similarly situated, move to remand this action to state court. Docket Nos. 26, 32. Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC move to dismiss Plaintiffs' first amended complaint (FAC). Docket No. 13. Under Civil Local Rule 7-1(b), the Court finds the matter suitable for disposition on the pleadings. For the following reasons, the Court **GRANTS** Plaintiffs' motion to remand and **DENIES AS MOOT** Defendants' motion to dismiss.

## I.   BACKGROUND

### A.   Factual Background

In their FAC, Plaintiffs allege that a clause in the terms of use ("Terms") of Lowes's website violates California Civil Code Sections 1670.8(a)(1) and 1670.8(a)(2). Plaintiffs take issue a provision of the Terms prohibiting users from posting content that:

> [D]efame[s], misrepresent[s] or contain[s] disparaging remarks about Lowe's Organization or its products, or other people, products, services, or companies.

Docket No. 1-10 at 7.

The relevant portion of Section 1670.8 states:

> (a)(1) A contract or proposed contract for the sale or lease of consumer goods or services may not include a provision waiving the **consumer's right to make any statement** regarding the seller or lessor or its employees or agents, or concerning the goods or services.
>
> (2) It shall be unlawful to threaten or to seek to enforce a provision made unlawful under this section, or to otherwise **penalize a consumer for making any statement** protected under this section.

Cal. Civ. Code § 1670.8 (emphasis added).

### B. Procedural Background

On November 7, 2024, this Court granted Plaintiffs' motion to remand in 24-cv-750. Masry v. Lowe's Companies, Inc., No. 24-CV-00750-CRB, 2024 WL 4730423, at *1 (N.D. Cal. Nov. 7, 2024).

On March 31, 2025, Defendants removed the instant case from Alameda County Superior Court. Dkt. 1. On April 7, 2025, Defendants moved to dismiss Plaintiffs' complaint. Dkt. 13. On April 29, 2025 and May 2, 2025, Plaintiffs moved to remand. Dkts. 26 and 32.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," "possess[ing] only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accordingly, "a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c)." Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016).

To establish standing under Article III of the Constitution, Plaintiffs must establish the following elements:

1. "The plaintiff must have suffered an injury in fact" that is "concrete and particularized," and "actual or imminent, not conjectural or hypothetical,"

1
2
  2. "There must be a causal connection between the injury and the conduct complained of," and

3
4
  3. "It must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) (internal citations omitted).

  Cases implicating the First Amendment right to free speech face a "relaxed standing analysis." Canatella v. California, 304 F.3d 843, 853 n.11 (9th Cir. 2002). However, "[e]ven in the First Amendment context, a plaintiff must show a credible threat of enforcement." Italian Colors Rest. v. Becerra, 878 F.3d 1165, 1171 (9th Cir. 2018). To determine whether Plaintiffs face a credible threat in the pre-enforcement context, the Court evaluates: "1) the likelihood that the law will be enforced against the plaintiff; 2) whether the plaintiff has shown, 'with some degree of concrete detail,' that she intends to violate the challenged law; and 3) whether the law even applies to the plaintiff." Id. at 1171–72 (quoting Lopez v. Candaele, 630 F.3d 775, 786 (9th Cir. 2010)).

## III. DISCUSSION

  Remand is proper because Plaintiffs have not established an injury-in-fact for two reasons.

  First, Plaintiffs have not alleged that they intend to violate the challenged provision "with some degree of concrete detail." Id. (internal citation omitted). "[P]re-enforcement plaintiffs who fail[] to allege a concrete intent to violate the challenged law [can]not establish a credible threat of enforcement." Lopez, 630 F.3d at 787. Where "[t]here is nothing in the Complaint suggesting plaintiffs have left comments that would violate the Terms, that they intend to leave any comment that would violate the Terms in the future, or even that they intend to use the Site again, nor has [Lowe's] evinced any intent to take any action with regard to the Terms," Plaintiffs fail to establish an injury-in-fact for Article III standing. O'Donnell v. Crocs Retail, LLC, No. 2:24-CV-02726-SVW-PD, 2024 WL 3834704, at *4 (C.D. Cal. Aug. 15, 2024) (internal citation omitted). Here, Plaintiffs do not allege that any individual plaintiff intended to engage in speech prohibited by the

3

1  Terms. Because Plaintiffs do not allege an intent to violate the challenged provision with
2  "some degree of concrete detail," Plaintiffs have not articulated an injury-in-fact.
3  Canatella, 304 F.3d at 853 n. 11.
4      Second, contrary to Defendants' argument, Plaintiffs have not alleged that they
5  have censored themselves in response to a credible threat of enforcement. As the Court
6  previously noted, "allegations that Plaintiffs are self-censoring in fear of violating the
7  Terms" may support a finding of an injury-in-fact. O'Donnell, 2024 WL 3834704, at *4.
8  Defendants argue that Plaintiffs have so alleged by stating the following:

> The Terms also threaten to suspend or terminate any user's right to use the Sites, at Lowe's sole and absolute discretion, if the user makes any statement that Lowe's deems "harmful to Lowe's interests." Plaintiffs are aware of the offending Terms described above, including the threat of enforcement through the potential disabling off access to the Sites, and believe that their ability to make statements about Lowe's has been limited as a result of Lowe's' threats to enforce the unlawful provisions contained in its Terms, thus foreseeably causing unlawful self-censorship of Plaintiffs and other Lowe's customers. Under estoppel principles, Defendants cannot be heard to complain that certain customers muzzled themselves through self-censorship, as this is the exact dynamic that Section 1670.8 is intended to remedy.

17  FAC ¶ 11. However, these allegations do not demonstrate that Plaintiffs have engaged in
18  any specific act of "self-censor[ship] in fear of violating the Terms." O'Donnell, 2024 WL
19  3834704, at *4. Plaintiffs do not allege that they have, in fact, "muzzled themselves."
20  FAC ¶ 11. Rather, Plaintiffs allege that the Terms are designed to limit "their ability to
21  make statements about Lowe's." Id. Thus, Plaintiffs have not alleged any acts of self-
22  censorship in support of a finding of an injury-in-fact.
23      Therefore, Plaintiffs have not established Article III standing.

## IV. CONCLUSION

For the reasons above, the Court grants Plaintiffs' motion to remand and denies as moot Defendants' motion to dismiss.

**IT IS SO ORDERED.**

4

1   Dated: July 18, 2025

_____
CHARLES R. BREYER
United States District Judge